| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL[1] | | |
| SAN CARLOS MORTGAGE, LLC<br><br>Recurrido<br><br>v.<br><br>HÉCTOR AGUSTÍN CABALLERO GARCÍA<br><br>Peticionario | KLCE202400767 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: CA2020CV02230 (406)<br><br>Sobre: Cobro de Dinero – Ordinario y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de julio de 2024.

En un caso de cobro de dinero y ejecución de hipoteca en conexión con un préstamo tipo *balloon*, el Tribunal de Primera Instancia ("TPI") determinó que no había impedimento para iniciar inmediatamente el proceso de mediación, pues ya se habían adjudicado por la vía judicial ciertos planteamientos de la parte demandada en torno a la deuda. Según se explica en detalle a continuación, concluimos que el TPI actuó correctamente, pues el asunto que la parte demandada pretende re-litigar ya fue adjudicado por el TPI, por este Tribunal y por el propio Tribunal Supremo.

I.

En octubre de 2020, Oriental Bank (el "Banco") presentó la acción de referencia (la "Demanda") en contra del Sr. Héctor Agustín Caballero (el "Deudor"), sobre cobro de dinero y ejecución de

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202200355).

hipoteca. Se alegó que el Deudor era dueño de un bien inmueble (la "Propiedad") ubicado en Carolina, y que sobre la Propiedad se constituyó una hipoteca garantizada por un pagaré (el "Pagaré") por la suma principal de $106,000. Se señaló que el Pagaré dispuso que el término del préstamo era de quince años (desde el 2004 hasta el 2019). Se alegó que el Deudor debía la cantidad de $78,315.47 del monto del principal y otras sumas correspondientes a cargos por demoras, intereses y honorarios de abogado (la "Deuda").

En diciembre de 2020, el Deudor contestó la Demanda. Negó la Deuda; sostuvo que había realizado todos los pagos mensuales según el Pagaré. No alegó que hubiese satisfecho el último pago del préstamo, que era más alto (más de $78,000) que las mensualidades ordinarias del préstamo. A este último pago se le conoce típicamente como un *balloon payment.*

Luego de varias instancias procesales, el TPI refirió el caso al Centro de Mediación de Conflictos (el "Centro") al amparo de la Ley 184-2012, según enmendada, 32 LPRA 2881 et seq. (la "Ley 184"). En diciembre de 2021, y luego de haberse celebrado dos reuniones de mediación, el Centro le informó al TPI que el caso no estaba maduro para atenderse en mediación, ello porque surgieron cuestionamientos sobre la liquidez de la Deuda, lo cual generaba controversias de derecho que escapaban la autoridad del Centro.

En enero de 2022, el Banco presentó una Solicitud de Sentencia Sumaria. Señaló que, de conformidad con la prueba documental que se acompañó, y los hechos incontrovertidos del caso, el Banco era acreedor de las cantidades alegadas en la Demanda. Alegó que el último pago que debía satisfacerse el 1 de septiembre de 2019, por $78,776.10, no se había realizado en su totalidad. El Deudor no se opuso a la Moción dentro del plazo concedido por el TPI a estos efectos.

Transcurridos otros trámites procesales que no es necesario pormenorizar, el TPI, mediante una sentencia notificada el 7 de febrero de 2022 (la "Sentencia del TPI"), declaró con lugar la moción de sentencia sumaria presentada por la parte demandante y, así, condenó al Deudor a pagar $78,315.47 por el principal reclamado, más otras partidas por concepto de intereses, cargos por demora, costas, gastos y honorarios de abogado. Se ordenó que, de no satisfacerse la Sentencia, se ejecutara la hipoteca objeto de la Demanda.

El TPI determinó que los siguientes hechos no estaban en controversia:

1. La parte demandada constituyó y emitió Pagaré Hipotecario por la suma principal de $106,000.00 a la orden de R-G Premier Bank of Puerto Rico, intereses al 6 7/8% anual, autenticado dicho pagaré mediante Testimonio #9,987 ante el Notario Público Gamalier Oliveras Alvarez, fechado el 24 de agosto de 2004. Oriental Bank es el tenedor del pagaré y el acreedor hipotecario.

2. Quedó dicho pagaré hipotecario garantizado con hipoteca constituida mediante la Escritura #259 de igual fecha y ante el mismo Notario, garantizada dicha hipoteca con la propiedad descrita a continuación:

-—URBANA: Solar marcado con el número veintiséis (26) del Bloque número noventa y cuatro (94) de la Urbanización Villa Carolina, radicada en el Barrio Hoyo Mulas de Carolina, Puerto Rico, con un área de trescientos cuarenta y ocho metros cuadrados (348.00m.c.), en lindes por el NORTE, con la Avenida Monserrate, distancia de catorce metros con cincuenta centímetros (14.50m.); por el SUR, con la calle número noventa y siete (97), distancia de catorce metros con cincuenta centímetros (14.50m.); por el ESTE, con el solar número veintisiete (27) del Bloque número noventa y cuatro (94), distancia de veinticuatro metros (24.00)m.); y por el OESTE, con el solar número veinticinco (25) del Bloque noventa y cuatro (94), distancia de veinticuatro metros (24.00m.).
-Sobre dicho solar enclava una casa para fines residenciales.
—Esta propiedad consta inscrita en el Registro de la Propiedad de Puerto Rico, Sección Segunda (II) de Carolina, al Folio cincuenta y ocho (58) del Tomo quinientos sesenta (560) de Carolina, finca número veintidós mil quinientos cincuenta (22,550).

3. La parte demandada adeuda a la parte demandante la cantidad de $78,315.47 de principal al

1ro de noviembre de 2020, , $5,384.16 en intereses al 6 7/8% desde el 1ro de noviembre de 2019 hasta el 1ro de noviembre de 2020, acumulándose a razón de $14.7511 diarios a partir de dicha fecha, $69.64 por cargos por demora computados hasta el 1ro de noviembre de 2020 y los que se venzan desde esa fecha en adelante, $24.00 por InspFee Asse, $1,327.59 por FeeAssmt, $551.06 por Sobregiro en Cuenta de Reserva y tres cantidades equivalentes a $10,600.00 de honorarios de abogados pactados, equivalentes al 10% del principal de dicho pagaré. La propiedad garantiza una cantidad igual por intereses vencidos que se acumulen hasta dicho monto. La propiedad garantiza una cantidad igual por adelanto, si algunos, que tenga que incurrir el acreedor.

El 11 de mayo, el Deudor apeló la Sentencia del TPI (KLAN202200355); formuló los siguientes señalamientos de error:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA CUANDO EXISTEN CONTROVERSIAS DE HECHOS MATERIALES QUE FUERON PLANTEADAS DESDE LA CONTESTACIÓN A LA DEMANDA.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL TRATAR ESTE CASO COMO UNO ORDINARIO DE EJECUCIÓN DE HIPOTECA SIN PRESTAR ATENCIÓN A LAS ALEGACIONES DEL DEMANDADO QUIEN PRESENTÓ SU CASO COMO UNO SUI GENERIS EN DONDE NO SE TRATABA DE FALTA DE PAGO NI INCUMPLIMIENTO CON EL CONTRATO DE PRÉSTAMO.

Mediante una Sentencia de 17 de junio de 2022 ("Nuestra Sentencia"), confirmamos la Sentencia del TPI. Concluimos que surgía del Pagaré que el Deudor, como resultado de recibir un préstamo de $106,000.00, con interés al 6.875%, se comprometió a pagar unas mensualidades de $696.34 desde el 1 de octubre de 2004, hasta que la deuda estuviese totalmente satisfecha, excepto que cualquier deuda remanente "quedará vencida y pagadera" el 1 de septiembre de 2019. Señalamos que cualquier duda al respecto quedaba disipada a través del *TILA*, firmado por el Deudor, del cual surge expresamente que el Deudor debía hacer 179 pagos de $696.34, más un último pago, el 1 de septiembre de 2019, de

$78,776.10.[2]   Hicimos constar que la escritura de hipoteca se constituyó para garantizar el Pagaré, y en la misma se hace constar que la garantía hipotecaria es sobre la totalidad de la deuda reflejada en el Pagaré, incluido el último pago del 1 de septiembre de 2019. A su vez, resaltamos que el Deudor no había presentado prueba alguna para controvertir los anteriores hechos.

Inconforme con Nuestra Sentencia, el Deudor acudió al Tribunal Supremo (CC-2022-0566), foro que emitió una Opinión mediante la cual revocó Nuestra Sentencia (la "Opinión"). *Oriental Bank v. Caballero García*, 212 DPR 671 (2023). El Tribunal Supremo concluyó que el TPI realmente había actuado a destiempo al emitir su sentencia, pues no se había "antes cumpli[do] con el proceso de mediación compulsoria". *Oriental Bank*, 212 DPR a la pág. 683. Al respecto, el Tribunal Supremo afirmó que, "a pesar de la celebración de dos (2) reuniones de mediación, en realidad ninguna de estas cumplió con los requisitos que impone la Ley ...", pues en las mismas "no se pudo llegar a un acuerdo ya que surgieron controversias sobre la liquidez de la deuda ...". *Oriental Bank*, 212 DPR a las págs. 683-684. Por tanto, el Tribunal Supremo determinó que el TPI "debió referir[] el caso nuevamente al procedimiento de mediación compulsoria". *Oriental Bank*, 212 DPR a la pág.683.

Devuelto el caso al TPI, las partes informaron al TPI que el Deudor plantea "que existe controversia sobre la deuda", mientras que la parte demandante afirma que ello es un "asunto ya adjudicado". Señalaron que el trámite de mediación se había "retrasado por las defensas planteadas" por el Deudor.

Mediante una Orden notificada el 10 de junio de 2024 (la "Orden"), el TPI dispuso que ya había "adjudic[ado] la existencia de

---

[2] Consignamos que, de no haberse estructurado el préstamo con un último pago tipo *balloon*, la mensualidad del préstamo, correspondiente al principal, el porciento acordado y para el mismo término de 15 años, hubiese sido mucho mayor (casi mil dólares).

la deuda y su cuantía", lo cual había sido "avalad[o] por los tribunales de apelaciones". Determinó que "lo único que afectaría esa determinación es que las partes logren un acuerdo en mediación". Señaló que "el momento del demandado para controvertir la deuda era oponiéndose a la solicitud de sentencia sumaria que presentó la demandante y que el tribunal ya adjudicó".

Inconforme, el 10 de julio, el Deudor presentó el recurso que nos ocupa. Sostiene que el TPI tenía que resolver nuevamente "la controversia sobre la deuda", pues antes había actuado "sin jurisdicción y sin contar con el beneficio de [su] postura". Disponemos.

II.

Contrario a lo planteado por el Deudor, no es necesario que el TPI vuelva a adjudicar lo relacionado con la deuda para que el proceso de mediación pueda ocurrir. Tanto el TPI, como este Tribunal, nos expresamos respecto a estas controversias. Más importante aún, en cuanto a dicho particular, la Opinión confirmó lo adjudicado por el TPI y por este Tribunal, por lo que el TPI estaría impedido de resolver algo distinto en esta etapa, como pretende el Deudor.

En efecto, en la Opinión se consigna que el TPI "estableció correctamente los hechos materiales del caso y que no hay controversia sobre estos, lo cual le permitió concluir que el peticionario incumplió con los términos de pago de un préstamo tipo *balloon* que estaba garantizado con una hipoteca sobre su vivienda principal". *Oriental Bank*, 212 DPR a la pág. 682. El Tribunal incluso abunda al respecto y así suple fundamentos específicos y detallados para sostener la corrección de lo actuado por el TPI en cuanto a su adjudicación de la controversia sobre la deuda. *Oriental Bank*, 212 DPR a las págs. 682-683. De forma tajante, el Tribunal Supremo concluyó que "la prueba documental [presentada por la

parte demandante] en su moción de sentencia sumaria es suficiente para determinar que el préstamo en controversia es tipo *balloon* y que el peticionario incumplió con los términos del pagaré que suscribió". *Oriental Bank*, 212 DPR a la pág. 684.

Por tanto, actuó correctamente el TPI al disponer que, en esta etapa, únicamente procede que se de paso al proceso de mediación, según establecido en la Opinión. Ya fue superado el asunto que, según la Opinión, en un momento impidió que dicho proceso ocurriera según requerido por ley. El Centro ya no puede tener incertidumbre sobre aspecto jurídico o fáctico alguno relacionado con la deuda, pues dichos asuntos ya se adjudicaron por la vía judicial. De llegarse a un acuerdo a través del proceso de mediación, el TPI actuará de conformidad; de lo contrario, y una vez concluido el proceso de mediación, el TPI tendría que dictar sentencia nuevamente en los mismos términos anteriores.

III.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones